The case of the day is Crayton v. United States Mr. Zuckerman. May it please the court. My name is Michael Zuckerman and I'm here for the appellant Richard Crayton. This is an appeal from the district court's denial of Mr. Crayton's motion for relief from his sentence under 2255. Mr. Crayton seeks relief from a 20-year mandatory minimum sentence that the sentencing court at the time of sentencing described as unfair and that would be unlawful if imposed today. In short, the district court imposed a mandatory minimum sentence based on its finding at the time of sentencing that Mr. Crayton distributed heroin that resulted in the death of Nicole Hedges. Though proper at the time under decisions of this court and the Supreme Court, the Supreme Court has since, in a lien v. United States, made clear that facts like these, which it overruled Harris, that's fine. The question is whether Allen applies retroactively on collateral review. Now this has been litigated, I think, in every possible circuit and maybe some impossible circuits. Has the retroactivity argument prevailed anywhere so far? Not to my knowledge, Your Honor. I understand you've got an ethical obligation to make it, but zero for seven, something like that, is not an encouraging track record so far. I agree, Your Honor. So as Your Honor pointed out, the issue is retroactivity on cases on collateral review. We acknowledge the cases, the First Circuit, the Fifth Circuit just recently have decided this issue generally. We are asking this court to apply a lien retroactively to Mr. Crayton's case given the unusual circumstances of this case. So you want us to say the lien is retroactive just under these unusual circumstances so you don't want to go as far as saying a lien is retroactive in all cases? We would obviously invite a broad ruling if the court were so inclined. Our argument, though, is more narrow. We're focusing on the circumstances of this case, which we think bring out the concerns in Teague that get at the heart of the retroactivity inquiry. So let me ask you this. How does the difference between the beyond a reasonable doubt standard and the preponderance of evidence standard implicate the fundamental fairness and accuracy of convictions, which is the language in Teague? Correct. I'll start with the accuracy point. Obviously the beyond a reasonable doubt standard is a higher quantum of proof, and so in the most general sense it improves. So if we start from the premise in a lien that these facts which trigger a mandatory minimum sentence are elements or beyond a reasonable doubt, obviously the preponderance standard is not as high and would allow a conviction under a lower standard, which could implicate accuracy. In Mr. Creighton's case we have a very compelling circumstances to suggest that this difference in the quantum of proof actually did impair the accuracy of his conviction. What happened here at trial, two questions were put to the jury. Question one, whether Mr. Creighton distributed heroin. He actually, his attorney conceded towards the end of trial that he did and the jury accordingly found him guilty. There was also a special verdict form put to the jury asking if you find Mr. Creighton guilty of distribution, do you find beyond a reasonable doubt that his distribution resulted in the death of Nicole Hedges? On that question the jury deadlocked. They came back twice with questions to the judge. The judge admonished them to go back and ultimately the jury came back with a blank special verdict form, which suggests that at least one juror, and very well likely more, were unable to find that the government had distributed heroin resulted in the death of Nicole Hedges. Yes, the district judge went on to make that finding by a preponderance of the evidence and yes, district judges, as this court has recognized, are reliable fact finders. That really is beside the constitutional point here that the death resulting enhancement is an element of the offense as Aline made clear and it must be found by a jury, which is lesser of an issue, but beyond a reasonable doubt. By the judge going, again properly at the time, making the finding by a preponderance of the evidence, there is a risk here that as the jury, at least one juror, concluded that the government could not prove beyond a reasonable doubt that death resulted and therefore the sentence imposed, had it been imposed today, would have been unlawful. If I may, just to color the discussion, the government concedes in its brief and the district court acknowledged in its order that if Aline applies, the sentence imposed was unlawful. So I know the court granted a certificate of appealability on two questions, retroactivity and whether if Aline was retroactive, there would be a difference. So question two is really undisputed with the focus on retroactivity. Beyond the accuracy point, there is also a fundamental fairness, both actual and perceived fairness component to Mr. Creighton's argument. So the Aline decision implicates two fundamental procedural protections to a criminal defendant, both the beyond a reasonable doubt standard and the right to a trial by jury. Of course Apprendi did that too and we held Apprendi to be not retroactive. Why would this be different? Your Honor is pointing to this court's decision in Curtis and indeed this court did find, did hold Apprendi to be retroactive. The Curtis decision speaks in very broad strokes. It presented a factual scenario markedly different from what we have here. In Curtis, as far as I can glean from the opinion, which doesn't go deep into the background, the district judge at the time of sentencing found a drug quantity somewhere north of 1,000 kilograms. And the jury verdict- Curtis is not limited to the facts of Curtis. It announced a legal rule that Apprendi is not retroactive. The question I'm asking is how can Aline be retroactive because it deals both with the burden of persuasion and the identity of the decider when Apprendi itself did both of those things and we held Apprendi not to be retroactive. It doesn't sound like you've distinguished Aline from Apprendi, does it? Maybe I'm missing something. Your Honor, the answer is no, we haven't been able to, our argument is not focused on distinguishing Apprendi from Curtis. As this Court has said in Simpson and other cases, the Aline and the Apprendi decisions are linked. They're logically connected. That said, this Court's decision in Curtis is a broad decision and looking, kind of peeling back the rule and looking at the specific circumstances of Mr. Creighton's case really tees out the fairness, accuracy and integrity concerns that get at the heart of the retroactivity, the retroactivity analysis. I see that I'm into my rebuttal time, so I will yield the floor. Certainly, counsel. Mr. Yarch. Thank you, Your Honor. The narrow case here is whether Aline meets the watershed exception announced in Teague. I've never understood watersheds other than the Delmarva watershed, the Mississippi watershed. I sort of understand that. And I suppose I've fallen into the habit of just repeating. Less jargon is generally better. It's simply a shorthand version for two requirements, Your Honor, that the Court enunciated. One is that there has to be a concern that a violation of the rule would somehow make it more likely that there was an inaccurate conviction. And the second part of the rule is that it implicates a bedrock elemental foundation or fundamental part of our- I don't know what bedrock is either, although I do know that a watershed is generally on top of a bedrock. Your Honor, the only decision that relates to what they consider to be the fundamental parts of due process that the Supreme Court pointed to was Gideon v. Wainwright. The decision in Apprendi, the decision in Aline, or Allen, depending on how the nationality is, is whether or not the particular parts of the decision relating to whether it's been found by a jury or whether it's beyond a reasonable doubt, those are simply extensions of things that have already existed within our system. And whether it's found by a jury or it's found by a judge or it's found by a reasonable doubt or beyond a ponderance of evidence, those are merely extensions. Those are not brand new fundamental aspects that have now changed the way we're going to look at the criminal justice system. And I think that's probably one of the reasons the Supreme Court hasn't found any decision to be retroactive when it implicates procedural rule. And in fact, under Schirer v. Simmerlin, the Supreme Court decision that talked about the retroactivity of Arizona v. Ring involving the death penalty is a prime example. In that particular case, the Supreme Court ruled that it did not implicate those sort of fundamental things, even though they said, look it, the judge, or rather the jury, has to make those decisions on a death penalty case on the aggravating and mitigating factors and not the judge. And so they found that it wasn't retroactive in that case. And it certainly can't be a situation here where dealing with a 20-year sentence or just simply a statement of punishment can be any worse than a capital punishment type of decision. Isn't there a distinction between a Prindy and a Lane because a judicial finding by a preponderance that increases the statutory maximum increases the judge's sentencing discretion, but a judicial finding by a preponderance that increases the statutory minimum actually restricts a judge's sentencing discretion? Your Honor, I think, I mean, that is actually an interesting aspect and I'm not prepared to comment on that directly, although it does implicate whether or not the judge has that discretion. The point is that the judge still has to make that finding to begin with, so I'm not sure that it's as binding as it seems. If the court or if the judge decides that that, in fact, or the facts that establish the mandatory minimum, then they are bound without question. But the question of whether or not that means that it has to be applied retroactively is another story. What the court's concern is whether or not, in the first instance, a Lane was properly decided or whether it was a good idea. Certainly, it's the law and that's what would be applied, but whether or not it should be applied retroactively such that it suddenly changes exactly how courts are going to view the judicial system, I don't think it's applied or in any way implicated. I have another question. Suppose the judge here had said on the record, I wouldn't find the death resulting enhancement beyond a reasonable doubt, but I do find it by a preponderance of the evidence. I mean, she obviously found it by a preponderance of the evidence, but said, I wouldn't find it beyond a reasonable doubt. Would that change the government's position? Your Honor, it wouldn't in so much, it wouldn't in so much as the retroactivity argument relates solely to those standards implicated in T that talk about not only the accuracy of the fact-finding, but the fundamental parts of our criminal justice system, neither of which are implicated here. I think that if the question is, is a Lane correct, the answer is yes, we're bound by it and it's correct and the government's not disputing that. The question is whether or not it's retroactive and in this case, we don't believe that the standard for retroactivity has been established. Unless the court has any further questions, then the government respectfully requests that the court hold that a Lane is not retroactive and affirm the district court's judgment denying relief. Thank you. Anything further, Mr. Zuckerman? Yes, Your Honor. If I could just pick up on Judge Williams' point, I wanted to emphasize that we have a scenario here where the district judge imposed a sentence that the court described as unfair. The judge admittedly had zero discretion. The judge described the 3553A factors as essentially irrelevant. The judge described everything outside of the mandatory minimum, which converged with the maximum of 20 years, as irrelevant. And on top of that, we have a jury special verdict form that casts serious doubt about the government's ability to prove beyond a reasonable doubt what it would have had to trigger that 20-year mandatory minimum sentence. We also have an entire trial record of the government arguing to the jury and the judge instructing the jury that the burden of proof is on the government to prove beyond a reasonable doubt that death resulted from the distribution. That was charged in the indictment and that permeated the entire trial. I see that my time has expired. Thank you very much. Mr. Zuckerman, we appreciate your willingness and that of your law firm to accept the appointment in this case and your assistance to the court as well as your client. Thank you, Your Honor. The case is taken under advisement and the court will be in recess.